UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATLANTIC CASUALTY
INSURANCE COMPANY,

     Plaintiff,

v.                                                        Case No: 8:25-cv-3029-CEH-NHA

ATLANTIC SOUTHERN METALS,
LLC,

     Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Final Default Judgment (Doc. 13). In the motion, Plaintiff Atlantic Casualty Insurance Company requests the entry of a Default Final Judgment as to Defendant Atlantic Southern Metals, LLC. Upon consideration, the Motion for Final Default Judgment is due to be granted.

## I.   BACKGROUND

Plaintiff Atlantic Casualty Insurance Company filed a Complaint for Declaratory Relief in which it seeks a declaration from the Court that it does not have a duty to indemnify or defend Defendant Atlantic Southern Metals, LLC in a pending state court action.[1] Doc. 1. Defendant failed to answer or respond to Plaintiff's

---

[1] *See Erickson & Lindstrom Constr. v. Atl. S. Metals LLC*, No. 512024CA003153CAAXES (Fla. 6th Cir. Ct.).

Complaint for Declaratory Relief.  A clerk's default was entered against Defendant on December 4, 2025. Doc. 11. Now, Plaintiff moves the Court pursuant to Fed. R. Civ. P. 55 to enter a default judgment against Defendant for declaratory judgment. Doc. 13.

In the pending state court action, Erickson & Lindstrom Construction Company ("E&L") sued Defendant for a contract dispute in the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida ("E&L Action"). Doc. 1-1. E&L entered into a contract with Defendant to perform metal roofing work. *Id.* at 3. On May 2, 2024, E&L discovered that Defendant did not conduct the roof work in accordance with the contract. *Id.* at 4.

The state court entered a clerk's default against Defendant. Doc. 1 ¶ 17. On June 23, 2025, E&L moved for a final default judgment and to join Plaintiff to the judgment. *Id.* ¶ 19. On June 27, 2025, the court granted the motion. *Id.* ¶ 20. On July 3, 2025, Plaintiff received a copy of the court's order joining it to the final judgment. *Id.* ¶ 21. Plaintiff had not been advised of the existence of the E&L Action prior to receiving this order. *Id.* ¶ 22. On July 14, 2025, Plaintiff filed a response in opposition to E&L's motion to join it to the final judgment. *Id.* ¶ 23. The Court then entered an order withdrawing its previously entered order which granted default final judgment and joined Plaintiff to the judgment. *Id.* ¶ 24. Following this order, Plaintiff attempted to assign defense counsel to defend Defendant in the E&L Action. *Id.* ¶ 25.

Plaintiff attempted to reach Defendant by sending correspondence to its registered agent, sending correspondence to its principal address, sending

2

correspondence to the home address of its managing member, and calling all potential phone numbers associated with its managing member. *Id.* ¶ 29. Plaintiff also retained a private investigator to contact the managing member at his home address, interview neighbors of the managing member to confirm his whereabouts, speak with the managing member's son who advised that he has no information about his father's whereabouts, and speak with the managing member's daughter who refused to speak with the investigator. *Id.* Despite its efforts, Plaintiff was unable to establish contact with Defendant. *Id.* ¶ 30.

Plaintiff issued a commercial general liability policy to Defendant for the period of November 13, 2023, to November 13, 2024. *Id.* ¶ 31. Plaintiff's policy contains provisions imposing a duty to timely report claims and suits and to cooperate with Plaintiff in the investigation and defense of a claim or suit (the "Cooperation Clause"). *Id.* ¶ 32. The Cooperation Clause provides:

> b. If a claim is made or "suit" is brought against any insured, you must:
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
> (2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> c. You and any other involved insured must:
> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> (2) Authorize us to obtain records and other information;
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

*Id.*

Defendant failed to answer or respond to Plaintiff's Complaint for Declaratory Relief. As a result, the Court entered a clerk's default against Defendant. Doc. 11. Now, Plaintiff Atlantic Casualty Insurance Company moves the Court pursuant to Fed. R. Civ. P. 55 to enter a default judgment against Defendant Atlantic Southern Metals, LLC for declaratory judgment. Doc. 13.

## II.    LEGAL STANDARD

A default judgment may be entered when "a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Typically, allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). However, facts that are not well-pleaded or conclusions of law are not accepted as fact. *Id.* The Eleventh Circuit has likened this standard to the standard under a Rule 12(b)(6) motion to dismiss. *Id.*

Under this standard, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, mere naked assertions are insufficient. *Id.* A complaint must contain sufficient factual matter, which, if

4

accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

### III. DISCUSSION

#### a. Personal Jurisdiction

In determining whether default judgment is proper, a court must consider whether personal jurisdiction exists. *See Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805–06 (11th Cir. 2015). Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies. *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying Federal Rule of Civil Procedure 4(h) to a limited liability company). Rule 4 provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

The Court finds that Plaintiff properly effectuated service of process on Defendant. *See* Doc. 9. On November 10, 2025, Plaintiff served Defendant's registered agent, Registered Agents, Inc., with a copy of the summons and Complaint. *Id.*

Additionally, the Court has general personal jurisdiction over the Defendant because it is a citizen of Florida. *See Klayman v. Cable News Network*, No. 22-12480, 2023 WL 2027843, at *2 (11th Cir. Feb. 16, 2023) ("[T]he defendant may be subject to general personal jurisdiction—jurisdiction over any claims against the defendant, regardless of whether they involve Florida-based activities—if the defendant . . . is a citizen of the state."). The sole member of Defendant—a limited liability company—is a citizen of Florida. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

Accordingly, personal jurisdiction is satisfied.

#### b.  Subject Matter Jurisdiction

The Declaratory Judgment Act provides that in a "case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act does not create an independent basis for jurisdiction.

Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). "Where there is actual controversy over rights valued in excess of the required jurisdictional amount . . . a

6

declaratory judgment may be rendered in federal court." *Coregis Ins. Co. v. McCollum*, 955 F. Supp. 120, 124 (M.D. Fla. 1997).

Here, Plaintiff is a citizen of North Carolina and Defendant is a citizen of Florida. Doc. 1 ¶¶ 12–13. The requisite amount in controversy to support diversity jurisdiction is satisfied because Plaintiff seeks a determination of its duty to defend and indemnify an underlying state court negligence suit seeking $330,288.87 in damages. Doc. 1-1 at 10.

Accordingly, diversity jurisdiction is satisfied.

### c.  Duty to Defend and Indemnify

In its Motion, Plaintiff seeks a declaration from the Court that it does not have a duty to defend and indemnify Defendant in the E&L Action. Doc. 13 at 16. Plaintiff argues that it does not have a duty to defend and indemnify because Defendant breached the Cooperation Clause. *Id.* at 12–16.

Under Florida law,[2] insurance contracts are construed according to their plain meaning, with any ambiguities construed against the insurer and in favor of coverage. *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So.2d 871, 877 (Fla. 2007). "If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language used so as to give effect to the policy as it was written." *Travelers Indemn. Co. v. PCR Inc.*, 889 So.2d 779, 785 (Fla.

---

[2] In a contract action, a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *See Zodiac Grp., Inc. v. Axis Surplus Ins. Co.*, 542 F. App'x 844, 848 (11th Cir. 2013).

7

2004). Policy language that is "susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage," will be considered ambiguous; but a provision or term will not be found ambiguous "merely because it is complex and requires analysis" or lacks a definition. *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So.2d 161, 165-166 (Fla. 2003). An insured bears the burden of proving that a claim against it is covered by the insurance policy, while the insurer bears the burden of proving that an exclusion to coverage applies. *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh*, PA., 143 F. Supp. 3d 1283, 1293 (S.D. Fla. 2015), *aff'd sub nom. Stettin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 861 F.3d 1335 (11th Cir. 2017). Any doubts about the duty to defend must be resolved in favor of the insured. *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 443 (Fla. 2005).

Under Florida law, "an insurer may deny coverage and avoid payment of compensation to the victim of the insured's tort where the insured has been guilty of lack of cooperation." *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1149–50 (11th Cir. 2010) (quoting *Ramos v. Nw. Mut. Ins. Co.,* 336 So.2d 71, 75 (Fla. 1976)). "Only that [lack of cooperation] which constitutes a material breach and substantially prejudices the rights of the insurer in defense of the cause will release the insurer of its obligation to pay." *Ramos*, 336 So.2d at 75. "[W]hether the failure to cooperate is so substantially prejudicial as to release the insurance company of its obligation is ordinarily a question of fact . . . under some circumstances, particularly where the facts are admitted, it may well be a question of law." *Id.* Additionally, an

insurer may avoid payment only "where the insurer has exercised diligence and good faith in seeking to bring about the cooperation of the insured, and where the insurer has in good faith complied with the terms and conditions of the policy." *Id.*

In sum, to establish Defendant breached the Cooperation Clause, Plaintiff must allege facts that show "(1) [Defendant] failed to cooperate; (2) the failure to cooperate constituted a material breach; (3) the rights of [Plaintiff] were substantially prejudiced; and (4) [Plaintiff] exercised diligence and good faith in seeking to bring about the cooperation of [Defendant]." *Houston Specialty Ins. Co. v. Vaughn*, No. 8:15-CV-2165-TPB-AAS, 2016 WL 7386957, at *4 (M.D. Fla. Aug. 4, 2016).

The Complaint alleges facts that show Defendant failed to cooperate. Defendant never provided Plaintiff notice of the E&L Action. Doc. 1 ¶ 26. Defendant also never responded to Plaintiff's efforts to contact it. *Id.* ¶ 30. Plaintiff attempted to contact Defendant in a variety of ways. *Id.* ¶ 29. Plaintiff sent correspondence to Defendant's principal address, registered agent, and managing member. *Id.* Plaintiff also hired a private investigator who was unsuccessful in contacting Defendant's sole managing member. *Id.* Thus, Defendant failed to cooperate. Similarly, Plaintiff's extensive efforts to locate Defendant show that it exercised diligence and good faith in seeking to bring about Defendant's cooperation.

Defendant's failure to cooperate was a material breach of the Cooperation Clause. The Cooperation Clause requires the insured to "[n]otify [the insurer] as soon as practicable," "[i]mmediately send [the insurer] copies of any demands, notices, summonses or legal papers received in connection with the claim or suit," and

"[c]ooperate with [the insurer] in the investigation . . . of the claim or defense." *Id.* ¶ 22. Defendant has failed to cooperate by failing to provide notice of its state lawsuit, send any of the relevant filings, or even respond to Plaintiff's correspondence. *See Cont'l Cas. Co. v. City of Jacksonville*, 550 F. Supp. 2d 1312, 1339 (M.D. Fla. 2007) ("[A]n insured breaches the cooperation clause when it fails to communicate honestly and openly with its insurer."), *aff'd*, 283 F. App'x 686 (11th Cir. 2008); *Travelers Indem. Co. of Connecticut v. Attorney's Title Ins. Fund, Inc.*, 194 F. Supp. 3d 1224, 1234 (M.D. Fla. 2016) (finding a material failure to cooperate where the insured refused to answer the insurer's inquiries and provided vague answers), *aff'd*, 733 F. App'x 524 (11th Cir. 2018).

Plaintiff's rights were substantially prejudiced by Defendant's failure to cooperate. Without Defendant's cooperation, Plaintiff is unable to mount an effective defense. Plaintiff cannot obtain information regarding the metal roofing work at issue in the E&L Action, sufficiently respond to discovery, or submit evidence for trial.

Plaintiff has alleged facts that show Defendant breached the Cooperation Clause. Thus, Plaintiff does not have a duty to defend and indemnify Defendant in the E&L Action.

Accordingly, it is hereby **ORDERED**:

1.    Plaintiff's Motion for Final Default Judgment (Doc. 13) is **GRANTED**.

2.    As a matter of law, Plaintiff Atlantic Casualty Insurance Company has no duty to defend or indemnify Defendant Atlantic Southern Metals,

LLC in *Erickson & Lindstrom Constr. v. Atl. S. Metals LLC*, No. 512024CA003153CAAXES (Fla. 6th Cir. Ct.).

3.    A Declaratory Judgment will be entered by separate Order of the Court.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any.